UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.                                            Case No. 2:06-cr-70-FTM-29SPC

WILLIE LASHAWN BELL
_____

**OPINION AND ORDER**

    This matter is before the Court on Petitioners's Request for Resolution of a Jurisdictional Question and Review of a Question of Law in Concert with Petitioner's Request for Modification of Sentence Pursuant to 18 U.S.C. § 3582 (Doc. #39), filed on March 24, 2008. Defendant Willie Lashawn Bell essentially seeks reconsideration of the Court's Opinion and Order (Doc. #38) denying his prior Motion Pursuant to 18 U.S.C. § 3582(c)(2) Requesting Sentence Modification for Crack Cocaine Offenses Relevant to Retroactive Amendments to the Sentencing Guidelines and Request for Hearing for Allocution Purposes (Doc. #37). For the reasons set forth below, the Court finds no reason to reconsider its prior Opinion and Order.

    In the prior Opinion and Order (Doc. #38), the Court found that defendant was not eligible for a two level reduction in his sentence under Amendment 706 because he was sentenced as a career offender and therefore application of Amendment 706 would not reduce his Sentencing Guidelines range. The Court also found that it had no other basis of jurisdiction to decide other matters raised in the motion.

    In his current motion for reconsideration, defendant asserts that

there is an unresolved jurisdictional question that the Court failed to address and which would result in both the granting of his Amendment 706 motion and a general re-sentencing. Defendant asserts that the government never filed a notice of enhancement pursuant to 21 U.S.C. § 851(a), and therefore the Court lacked jurisdiction at the time of the original sentencing to use his prior convictions for enhancement purposes. Thus, defendant argues, the original sentencing as a career offender was unlawful, and his career offender status can not be used to deny the Amendment 706 motion.

Defendant is correct that the government did not file a notice or information pursuant to 21 U.S.C. § 851. It is clear, however, that the qualification of a defendant as a career offender under the Sentencing Guidelines does not require the government to file a § 851 notice. <u>Young v. United States</u>, 936 F.2d 533, 536 (11th Cir. 1991)("We agree with the <u>Wallace</u> court and these other circuits; the Government does not have to follow the notice requirements of section 851 in order to use a defendant's prior convictions to enhance his sentence under the Guidelines as a career offender, so long as the enhanced sentence still falls within the permissible statutory range.") In this case, defendant's sentence of 168 months was well within the statutory range of 5 to 40 years imprisonment. Since no §851 notice was required, there is no question but that the district court had "jurisdiction" to enhance defendant's sentence by consideration of his prior convictions.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

Petitioners's Request for Resolution of a Jurisdictional Question and Review of a Question of Law in Concert with Petitioner's Request

for Modification of Sentence Pursuant to 18 U.S.C. § 3582 (Doc. #39) is **DENIED**.

    **DONE AND ORDERED** at Fort Myers, Florida, this  26th  day of March, 2008.

                                              */s/ John E. Steele*
                                              JOHN E. STEELE
                                              United States District Judge

Copies:
AUSA Barclift
Willie Lashawn Bell
U.S. Probation
U.S. Marshal
DCCD