UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.                                               2:06-cr-70-FtM-29SPC

WILLIE LASHAWN BELL
_____

**OPINION AND ORDER**

     This matter comes before the Court on a limited remand from the Eleventh Circuit Court of Appeals to make a factual determination of excusable neglect or good cause regarding defendant's untimely Notice of Appeal (Doc. #41) because the Notice was submitted within the additional time permitted for filing a motion for an extension of time to appeal and was construed as a motion for same. (See Doc. #45.) After an initial review, the Court entered an Order (Doc. #46) directing defendant to file an Affidavit and/or supporting documents demonstrating excusable neglect or good cause. No response or supporting documentation has been filed and the time to do so has now expired.

On March 26, 2008, the Court entered an Opinion and Order (Doc. #40) denying defendant's Request for Resolution of a Jurisdictional Question and Review of a Question of Law in Concert with Petitioner's Request for Modification of Sentence Pursuant to 18 U.S.C. § 3582 (Doc. #39), which was construed as a request for reconsideration. Under FED. R. APP. P. 4(b)(1)(A), the Notice of Appeal must have been filed within 10 days of the March 26, 2008,

Opinion and Order (Doc. #40), or on or before April 9, 2008. Defendant's Notice of Appeal (Doc. #41) was filed with the Court on April 15, 2008, bearing a date of April 10, 2008, and with a mail processing date of April 14, 2008, on the envelope.

The Eleventh Circuit Court of Appeals found the Notice of Appeal was untimely but remanded to determine whether the delayed filing was the result of good cause or excusable neglect. Under FED. R. APP. P. 4(b)(4), the Court may, upon a finding of excusable neglect or good cause, extend the time to file a notice of appeal for a period not exceed 30 after the expiration of the time prescribed in FED. R. APP. P. 4(b)(1)(A). "First, the district court should examine the pre-mailing delay to see if there is something akin to "excusable neglect" or "good cause" which excuses the delay. Second, the district court should determine when the document was mailed and whether, in the ordinary course of events, the clerk would have received the letter by the applicable filing deadline." Wright v. Deyton, 757 F.2d 1253, 1255-56 (11th Cir. 1985).

In this case, if the Court considers the most favorable date of April 10, 2008[1], defendant was only one day late in filing the Notice of Appeal. Nonetheless, defendant has not provided any

---

[1] "A pro se prisoner's notice of appeal is considered to be filed on the date that the prisoner delivers the notice to prison authorities for mailing." Adams v. United States, 173 F.3d 1339, 13341 (11th Cir. 1999)(citing Houston v. Lack, 487 U.S. 266, 275 (1988)); FED. R. APP. P. 4(c).

enlightenment regarding the one-day delay, and there is no record that the Opinion and Order (Doc. #40) was not received by defendant. The Court finds no demonstration of good cause or excusable neglect.

Accordingly, it is now

**ORDERED**:

The Clerk shall return the record as supplemented with a certified copy of this Opinion and Order to the Eleventh Circuit Court of Appeals for further proceedings.

**DONE AND ORDERED** at Fort Myers, Florida, this __23rd__ day of July, 2008.

_/s/ John E. Steele_
JOHN E. STEELE
United States District Judge

Copies:
USCA
Parties of Record