UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.                                              2:06-cr-70-FtM-29SPC

WILLIE LASHAWN BELL
_____

**OPINION AND ORDER**

  This matter comes before the Court on petitioner's Presentation of Cause for Excusable Neglect as Ordered by the District Court (Doc. #48), received for filing on July 21, 2008, and docketed on July 25, 2008.  As the response to the Court's Order (Doc. #46) was deemed filed *prior* to the issuance of the Opinion and Order (Doc. #47) finding of no good cause or excusable neglect, that Opinion and Order will be vacated and the response will be considered below on limited remand from the Eleventh Circuit Court of Appeals to make a factual determination of excusable neglect or good cause regarding defendant's untimely Notice of Appeal (Doc. #41).

  The Notice was submitted within the additional time permitted for filing a motion for an extension of time to appeal and was construed as a motion for same.  (See Doc. #45.)  After an initial review, the Court entered an Order (Doc. #46) directing defendant to file an Affidavit and/or supporting documents demonstrating excusable neglect or good cause.  As noted above, defendant filed a response (Doc. #48) on July 21, 2008.

On March 26, 2008, the Court entered an Opinion and Order (Doc. #40) denying defendant's Request for Resolution of a Jurisdictional Question and Review of a Question of Law in Concert with Petitioner's Request for Modification of Sentence Pursuant to 18 U.S.C. § 3582 (Doc. #39), which was construed as a request for reconsideration.  Under F$_{\text{ED}}$. R. A$_{\text{PP}}$. P. 4(b)(1)(A), the Notice of Appeal must have been filed within 10 days of the March 26, 2008, Opinion and Order (Doc. #40), or on or before April 9, 2008. Defendant's Notice of Appeal (Doc. #41) was filed with the Court on April 15, 2008, bearing a date of April 10, 2008, and with a mail processing date of April 14, 2008, on the envelope.

The Eleventh Circuit Court of Appeals found the Notice of Appeal was untimely but remanded to determine whether the delayed filing was the result of good cause or excusable neglect.  Under F$_{\text{ED}}$. R. A$_{\text{PP}}$. P. 4(b)(4), the Court may, upon a finding of excusable neglect or good cause, extend the time to file a notice of appeal for a period not exceed 30 after the expiration of the time prescribed in F$_{\text{ED}}$. R. A$_{\text{PP}}$. P. 4(b)(1)(A).  "First, the district court should examine the pre-mailing delay to see if there is something akin to "excusable neglect" or "good cause" which excuses the delay.  Second, the district court should determine when the document was mailed and whether, in the ordinary course of events, the clerk would have received the letter by the applicable filing deadline."  <u>Wright v. Deyton</u>, 757 F.2d 1253, 1255-56 (11th Cir. 1985).

In this case, if the Court considers the most favorable date of April 10, 2008[1], defendant was only one day late in filing the Notice of Appeal. Defendant argues that he was subjected to numerous lockdowns between January and July 2008, without knowing the specific dates. By Sworn Affidavit (Doc. #48-2), defendant states that he did not receive the March 26, 2008 Opinion and Order until at least 5 days or more after it was entered; that he prepared the Notice of Appeal for mailing on April 10, 2008; that the institution now uses a complex mail room that has caused delays; and the untimely filing was outside defendant's control due to the lockdowns. Additionally, defendant argues that this is a civil matter and therefore the Notice of Appeal was not due to be filed within ten (10) days.

The Notice of Appeal stems from the denial for reconsideration of defendant's 18 U.S.C. § 3582 motion. The motion was a criminal matter relating to his sentence and was not pursuant to 28 U.S.C. § 2255. Therefore, the Notice of Appeal was due within ten days of the order or judgment appealed from and defendant's untimely Notice of Appeal will not be excused on th basis. Defendant's other bases raised, however, do excuse the one day delay. The delay in receiving the Opinion and Order due to a new mail system, and

---

[1]"A pro se prisoner's notice of appeal is considered to be filed on the date that the prisoner delivers the notice to prison authorities for mailing." Adams v. United States, 173 F.3d 1339, 13341 (11th Cir. 1999)(citing Houston v. Lack, 487 U.S. 266, 275 (1988)); FED. R. APP. P. 4(c).

institutional lockdowns are outside the purview of defendant's control and the Court finds that defendant has demonstrated good cause or excusable neglect for the untimely Notice of Appeal for these reasons.

Accordingly, it is now

**ORDERED**:

1. The July 23, 2008 Opinion and Order (Doc. #47) is **vacated**.

2. The Clerk shall return the record as supplemented with a certified copy of this Opinion and Order to the Eleventh Circuit Court of Appeals for further proceedings.

**DONE AND ORDERED** at Fort Myers, Florida, this __28th__ day of July, 2008.

JOHN E. STEELE
United States District Judge

Copies:
USCA
Parties of Record