```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                   FORT MYERS DIVISION
```

UNITED STATES OF AMERICA

VS.                                  CASE NO: 2:06-cr-70-JES-MRM

WILLIE LASHAWN BELL

_____

### OPINION AND ORDER

On September 19, 2022, the Federal Public Defender's Office filed a Notice of Appearance Re: First Step Act of 2018 (Doc. #138) and a Motion for Sentence Reduction Under Section 404 of the First Step Act (Doc. #139). No Memorandum by the United States Probation Office has issued in this case. The Government filed a Response (Doc. #141) which concedes defendant is eligible for a sentence reduction but argues that the discretionary reduction should not be granted based on "troubling conduct while on supervised release and prison disciplinary history."

**I.**

On May 24, 2006, defendant was indicted for possession with intent to distribute and distribution of a quantity of crack cocaine (Count One), for possession with intent to distribute and to distribute five (5) or more grams of crack cocaine (Count Two), and for possession with intent to distribute five (5) or more grams of crack cocaine (Count Three). (Doc. #1.) Defendant entered a plea of guilty pursuant to a Plea Agreement (Doc. #22) as to Count Three and a factual basis reflecting a collective weight of 13.5

net grams of crack cocaine.  (Doc. #27.)   The plea was accepted, and defendant was adjudicated guilty.  (Doc. #28.)   On December 6, 2006, defendant was sentenced to 168 months of imprisonment followed by 5 years of supervised release.   Judgment (Doc. #35) was issued.

On November 8, 2011, the Federal Public Defender's Office was appointed to review whether defendant was entitled to a retroactive reduction in sentence under Amendment 750 of the Sentencing Guidelines.  (Doc. #54.)  On February 6, 2012, the motion was denied because defendant was sentenced based on his career offender status and not the crack cocaine provisions.  (Doc. #62.)  On March 30, 2015, the Court appointed the Federal Public Defender to review whether defendant was entitled to relief under Amendment 782 of the Sentencing Guidelines.  (Doc. #69.)  The Federal Public Defender recommended that defendant was not entitled to a reduction and counsel was relieved of further representation.  (Doc. #74.) On January 29, 2019, the Court appointed the Federal Public Defender for a third time to review whether defendant may qualify for a reduction under Section 404 of the First Step Act.  (Doc. #75.)

Defendant was released from incarceration and commenced his term of supervised release on August 24, 2018.  (Doc.#77.)  On September 28, 2020, United States Probation notified the Court of new criminal conduct and pending charges in state court.  No action

2

was taken at the time, and it was noted that defendant attends dialysis three times a week.  (Id.)  On October 8, 2020, the Court directed the issuance of a warrant for arrest based on the charges in state court for four counts of aggravated assault with a deadly weapon without intent to kill and one count of possession of a weapon or ammo by a convicted felon, all while on supervised release.  (Doc. #80.)  After setting and resetting a final revocation hearing, on June 3, 2021, the Petition was dismissed as the state prosecutor filed a Notice of Nolle Prosequi on all counts.  (Doc. #106.)

On July 13, 2021, based on a review of United States Probation's recommendation[1], the Court directed that a request for warrant or summons be submitted.  (Doc. #109.)  The request was filed, and the Court directed the issuance of a warrant.  (Doc. #112.)  Without objection from the government, an Order Setting

---

[1] The purpose of this report is to notify the Court that Bell has violated the conditions of his supervised release. It is very concerning that Bell has allegedly possessed a firearm on multiple occasions since starting supervision and has threatened to due harm to various victims. Thus, the Probation Office is prepared to seek a warrant should Your Honor determine that course of action is more appropriate. The Probation Office is also prepared to modify Bell's conditions of supervision during the pendency of the alleged criminal conduct to include a search condition. This added condition should allow the Probation Office to increase Bell's intensity of supervision and to investigate any reasonable suspicion of supervision non-compliance.

(Doc. #109, p. 3.)

Conditions of Release Pending Final Revocation (Doc. #120) was issued on July 20, 2021.  On September 2, 2021, the Court dismissed the pending violations on the government's motion filed after an independent investigation because the government did not believe that it "can sustain its burden of proof for the pending allegations at the final revocation hearing."  (Doc. #137.)  The Federal Public Defender's Office has now filed the current motion under Section 404 of the First Step Act.

## II.

While a district court does not have inherent authority to reduce a previously imposed sentence, the First Step Act authorizes, but does not require, a sentence reduction for certain crack cocaine convictions.

> A district court lacks the inherent authority to modify a term of imprisonment. 18 U.S.C. § 3582(c); United States v. Puentes, 803 F.3d 597, 606 (11th Cir. 2015). But it may do so, as relevant here, to the extent that a statute expressly permits. 18 U.S.C. § 3582(c)(1)(B). And the First Step Act expressly permits district courts to reduce a previously imposed term of imprisonment.

United States v. Jones, 962 F.3d 1290, 1297 (11th Cir. 2020).  The First Step Act "granted district courts discretion to reduce the sentences of crack-cocaine offenders in accordance with the amended penalties in the Fair Sentencing Act. See First Step Act § 404."  Id. at 1297.  This authority to reduce a sentence first requires that the offense of conviction was a "covered offense"

under the First Step Act. The Eleventh Circuit has recently discussed this "covered offense" requirement:

> The First Step Act permits a district "court that imposed a sentence for a covered offense" to "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act were in effect at the time the covered offense was committed." First Step Act § 404(b). It defines "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act that was committed before August 3, 2010." Id. § 404(a).
>
> . . . .
>
> A movant's offense is a covered offense if section two or three of the Fair Sentencing Act modified its statutory penalties. Section two of the Fair Sentencing Act, . . . modified the statutory penalties for crack-cocaine offenses that have as an element the quantity of crack cocaine provided in subsections 841(b)(1)(A)(iii) and (B)(iii). It did so by increasing the quantity of crack cocaine necessary to trigger those penalty provisions. See Fair Sentencing Act § 2(a). So a movant has a "covered offense" if his offense triggered a statutory penalty that has since been modified by the Fair Sentencing Act.
>
> . . . .
>
> To determine the offense for which the district court imposed a sentence, district courts must consult the record, including the movant's charging document, the jury verdict or guilty plea, the sentencing record, and the final judgment. From these sources, the district court must determine whether the movant's offense triggered the higher penalties in section 841(b)(1)(A)(iii) or (B)(iii). If so, the movant committed a covered offense.

Id. at 1297-1298, 1300-1301.

"[A] movant's satisfaction of the 'covered offense' requirement does not necessarily mean that a district court can

reduce his sentence. Any reduction must be '*as if* sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed." First Step Act § 404(b)." Jones, 962 F.3d at 1303 (emphasis added).

> This "as-if" requirement imposes two limits relevant to these appeals. First, it does not permit reducing a movant's sentence if he received the lowest statutory penalty that also would be available to him under the Fair Sentencing Act. Second, in determining what a movant's statutory penalty would be under the Fair Sentencing Act, the district court is bound by a previous finding of drug quantity that could have been used to determine the movant's statutory penalty at the time of sentencing.

Id. If the offense of conviction was a covered offense and the "as if" requirements are satisfied, a district court has discretion to grant or deny a sentence reduction.

> The Act makes clear that the relief in subsection (b) is discretionary: "Nothing in this section shall be construed to require a court to reduce any sentence pursuant to this section."

Id. at 1297-98. This determination does not require defendant's presence at an evidentiary hearing or a full resentencing. United States v. Denson, 963 F.3d 1080, 1087 (11th Cir. 2020).

### III.

#### A. Covered Offense

It is undisputed that defendant's conviction in Count Three for five grams or more of crack cocaine is a "covered offense." (Docs. #139, p. 3; #141, p. 1.)

At the time of sentencing, defendant was found accountable for at least 26.8 grams of crack cocaine placing him at a Base Offense Level of 28 for offenses involving at least 20 grams but less than 35 grams of crack cocaine. After adjustments for acceptance of responsibility and based on the plea agreement, defendant's Total Offense Level was 25. After application of Chapter Four enhancements because of a prior felony conviction for a crime of violence and a controlled substance offense,[2] defendant's Enhanced Offense Level became 31. (Doc. #69, ¶¶ 22-34.) Defendant's criminal history placed him as a Category V, but with the enhancements his Criminal History Category became a Category VI. (Id., ¶¶ 50-51.) The Guideline Provisions placed defendant at 188 to 235 months of imprisonment. (Id., ¶ 89.)

In Count Three, defendant was convicted of possession with intent to distribute five grams or more of crack cocaine. At the time of sentencing, the statutory penalty for defendant's offense was 5 years to 40 years of imprisonment. See 21 U.S.C. § 841(b)(1)(B)(iii) (2018). After the Fair Sentencing Act, the triggering amount for this mandatory range was raised from 5 grams of crack cocaine, 21 U.S.C. § 841(b)(1)(B)(iii) (2010), to 28 grams of crack cocaine. Currently, the statutory range for the amount of crack cocaine defendant possessed (less than 28 grams) would be

---

[2] Defendant was convicted for sale of cocaine within 1000 feet of a school and aggravated assault with a deadly weapon.

7

zero to 30 years of imprisonment. 21 U.S.C. § 841(b)(1)(C) ("If any person commits such a violation after a prior conviction for a felony drug offense has become final, such person shall be sentenced to a term of imprisonment of not more than 30 years.").

Count Three is a "covered offense" because defendant was sentenced for a crack cocaine offense under § 841 for which the Fair Sentencing Act reduced the statutory penalties. Therefore, defendant has established his eligibility for relief.

### B. Court's Exercise of Discretion

Counsel argues that defendant would have been eligible for a reduction in his term of imprisonment between 17 and 28 months. (Doc. #139, p. 4.) Defendant has been released after having already served the entirety of his term of imprisonment, but counsel seeks to have the term of supervised release reduced to four years. Having already served 49 months of supervised release, counsel suggested that defendant's sentence would be deemed complete. The government opposes the reduction in light of defendant's "alarming post-sentencing actions". (Doc. #141, p. 6.)

"District courts have wide latitude to determine whether and how to exercise their discretion in this context. In exercising their discretion, they may consider all the relevant factors, including the statutory sentencing factors, 18 U.S.C. § 3553(a)." Jones, 962 F.3d at 1304. The Court has considered the factors set

forth in 18 U.S.C. § 3553(a), the Presentence Investigation Report, and the written submissions of the parties regarding post-conviction information. See Pepper v. United States, 562 U.S. 476, 503-05 (2011).

At the time of sentencing, defendant had an extensive criminal history including aggravated fleeing or eluding, sale of cocaine within 1000 feet of a school, possession of cocaine, and aggravated assault with a deadly weapon.

While incarcerated, defendant was found guilty of fighting in 2017 and guilty of possessing a dangerous weapon in 2008. (Doc. #142-1.)

While on supervision, defendant allegedly threatened Jeffrey Brown with a rifle, damaged his vehicle, and brandished a firearm and threatened to harm him. There was a "lack of corroborative evidence and the government would rely solely on the victim's testimony to prove the alleged violations." (Doc. #129, p. 1.) The Court considers this specific post-conviction history, although giving it less weight than if there had been a conviction for such a violation.

The Court finds that continued supervision would be beneficial for defendant and that he has not established an adequate basis to shorten the term of supervised release to compensate for the inability to reduce the term of imprisonment. Therefore, the motion will be denied.

9

Accordingly, it is hereby

**ORDERED AND ADJUDGED:**

Defendant's Motion for Sentence Reduction Under Section 404 of the First Step Act (Doc. #139), filed by counsel, is **DENIED**.

**DONE and ORDERED** at Fort Myers, Florida, this ___18th___ day of October 2022.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
AUSA
Counsel of record
U.S. Probation